Swift *v*. Globe Varnish Co.

## Marine Court.

*Special Term—May*, 1883.

## GARRIT SWIFT *against* THE GLOBE VARNISH COMPANY.

Where the president of a corporation assigns a claim which he has against it, the assignee cannot sustain a judgment against the corporation founded upon the service of process upon the assignor where knowledge of such service is withheld from the other officers of the company.

Motion to set aside judgment. &c.

McADAM, J.—The president of the corporation which is the defendant herein, assigned a claim which he held against it to the plaintiff, who thereupon commenced the present action thereon by serving process upon the said assignor, who suffered a judgment by

default to be entered against the corporation, upon which an execution has been issued and a sale made. The fact that the suit had b_en commenced was not known to any other officer of the company, nor to any member of its board of directors. Upon these facts the corporation moves to set aside the judgment and all proceedings founded upon it. The motion must be granted upon the broad principle that the law will not permit a judgment recovered upon such a service to remain of record. The president of the corporation was charged with the duty of protecting it against disputed claims, while the assignment which he executed, in view of what followed, made him indirectly interested against his duty. No trustee can be permitted to act while thus embarrassed. If the president had not assigned his claim, he could not have sustained a judgment entered upon the service of process upon himself, and the assignee who succeeded to his rights is in no better position. What cannot be done directly cannot be done indirectly. The law regards the substance and practical effect of a thing rather than the form by which it is sought to be accomplished. No person can faithfully serve two masters, nor can he represent both sides of a litigation where individual interest and official duty conflict. Even a sheriff is not permitted to execute process against himself (Holbrook v. Brennan, 48 *How. Pr.* 519), the reason of which rule is " to prevent partiality that every one is naturally guilty, to himself" (*Bacon Abm. Shff. M.*). The reason of that rule applies with even greater force to this case. The administration of justice must be pure and free from every appearance of evil suspicion. The rule here enforced is particularly applicable where, as in this case, the claim is disputed and the corporation (through its other officers) swears to a good and substantial defense upon the merits. The corporation has not had its day in court, and has by

the peculiar mode of service adopted been prevented from presenting its defense. There is but one course to pursue, under the circumstances, and that is to set aside the judgment and all proceedings founded upon it. Settle order on one day's notice.

No appeal was taken.